IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

CATHERINE MCCARROLL                                                PLAINTIFF

V.                            CIVIL ACTION NO. 5:22-cv-00010-DCB-BWR

DOLGENCORP, LLC, et al.                                           DEFENDANTS

ORDER

BEFORE THE COURT is Defendant Dolgencorp, LLC's ("Defendant") Motion for Summary Judgment ("Motion") pursuant to Federal Rule of Civil Procedure 56. [ECF No. 30]. The Court having examined the Motion, the submissions of the parties, the record, the applicable legal authority, and being fully informed in the premises, finds as follows:

I.   Procedural and Factual Background

On February 23, 2019, Plaintiff Catherine McCarroll ("Plaintiff") entered Defendant's Dollar General store located in Gloster, Mississippi. [ECF No. 31] at 2. Plaintiff went to the back of the store, picked up a bag of dog treats and a bone, turned to go to the front of the store, and slipped and fell. Id. Upon falling, Plaintiff noticed a small box, a few small pieces of paper and cardboard, and some sales tags on the floor. Id.

Plaintiff filed suit on February 22, 2022, alleging that Defendant's negligence amounted to a breach of its duty to Plaintiff as a business invite, which caused her injuries. [ECF No. 1] at 3-4. Plaintiff filed the instant Motion on December 16, 2022, arguing that it is entitled to summary judgment because (1) Plaintiff cannot identify the item that caused her fall and (2) Plaintiff has no evidence to prove that Defendant caused any dangerous condition on the floor, had actual knowledge of that condition, or that the condition existed long enough to impute constructive knowledge to Defendant. [ECF No. 30] at 1.

II.  Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party." Austin v. Kroger Tex., L.P., 864 F.3d 326, 328 (5th Cir. 2017) (internal quotation marks and citation omitted). On summary judgment, all facts and reasonable inferences are construed in favor of the nonmovant, and the court should not weigh evidence or make credibility findings. Deville v. Marcantel, 567 F.3d 156, 163–64 (5th Cir. 2009).

III. Discussion

The Court will separately address Defendant's two arguments in favor of summary judgment.

a. Identifying the Dangerous Condition

Defendant first argues that it is entitled to summary judgment because Plaintiff cannot identify the specific dangerous condition that caused her fall. [ECF No. 30].

"Mississippi law requires that a plaintiff identify the specific dangerous condition which caused his or her fall. Mississippi appellate courts have consistently affirmed grants of summary judgment where a plaintiff could not affirmatively and decisively state the cause of her fall." Peters v. Fred's Stores of Tenn., Inc., 760 F. App'x 341, 344 (5th Cir. 2019)(internal citations omitted).

Plaintiff is inconsistent in her identification of the dangerous condition that caused her fall. She initially believed she slipped on a cardboard box. [ECF No. 31] at 4. At a later sworn deposition, Plaintiff couldn't identify the dangerous condition that caused her fall. Id. at 5. Following Defendant's filing of its Motion, however, Plaintiff submitted a sworn affidavit that amended her deposition to reflect that she

3

presently believes that the box caused her fall. [ECF No. 33-3] at 1-2.

In reply, Defendant argues that the Court should afford no merit to Plaintiff's recent affidavit under the "sham affidavit doctrine," which prevents litigants from defeating "a motion for summary judgment using an affidavit that impeaches, without explanation, sworn testimony." S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 495 (5th Cir. 1996).

The bar for applying this doctrine is a high one: it typically only bars evidence that is "inherently inconsistent" to the point that it cannot be reconciled with earlier testimony and "constitute[s] an obvious sham." Seigler v. Wal-Mart Stores Texas, L.L.C., 30 F.4th 472, 477 (5th Cir. 2022)(citing Winzer v. Kaufman Cty., 916 F.3d 464, 472 (5th Cir. 2019); Clark v. Resistoflex Co., A Div. of Unidynamics Corp., 854 F.2d 762, 767 (5th Cir. 1988)). "In light of the jury's role in resolving questions of credibility, a district court should not reject the content of an affidavit even if it is at odds with statements made' earlier." Kennett-Murray Corp. v. Bone, 622 F.2d 887, 893 (5th Cir. 1980).

Defendant asserts that Plaintiff did not providentially recall the exact dangerous condition that caused her fall and that this operates as a sham that the Court should disregard.

4

[ECF No. 35] at 2-6. However, Plaintiff can reconcile her recent affidavit, thus preventing the Court from applying the sham affidavit doctrine, given that her initial impression, as reported in the customer incident report, identifies the dangerous condition as the same box later identified in her recent affidavit. [ECF No. 33-2].

Plaintiff's identification of the box as the dangerous condition that caused her fall precludes the Court from granting summary judgment under Defendant's first argument.

b. Defendant's Liability for the Dangerous Condition

Defendant next argues that it is entitled to summary judgment because Plaintiff has no evidence to prove that Defendant caused any dangerous condition on the floor, had actual knowledge of that condition, or that the condition existed long enough to impute constructive knowledge to Defendant. [ECF No. 30] at 1.

However, "when [a] plaintiff has shown that the circumstances were such as to create a reasonable probability that the dangerous condition would occur, he need not also prove actual or constructive notice of the specific condition…" F.W. Woolworth Co. v. Stokes, 191 So.2d 411, 416-17 (Miss. 1966) (citations omitted). When ruling on a motion for summary judgment, inferences to be drawn from underlying facts must be

5

viewed in the light most favorable to the party opposing the motion. Marcantel, 567 F.3d at 163-64.

In Patricola v. Imperial Palace of Mississippi, LLC, the court reversed a grant of summary judgment in a slip and fall case issued in relevant part on the basis that the plaintiff failed to prove that the defendant had notice of a dangerous condition. 235 So. 3d 214, 216 (Miss. Ct. App. 2017). The court held that the evidence—the plaintiff's husband's testimony that he had visited the business on two other occasions and noticed the dangerous condition (dripping condensation)—created a "genuine issue of material fact as to whether there was a reasonable probability that the dangerous condition would occur, obviating the need for [plaintiff] to show that [defendant] had knowledge of the particular puddle that injured her." Id. at 218.

Here, just as in Patricola, Plaintiff has submitted evidence—her own testimony that she visited Defendant's store on multiple other occasions and witnessed boxes and other debris on the floor—that creates "a reasonable probability that the dangerous condition would occur," which then obviates the need for Plaintiff to show that Defendant "had knowledge of the particular [dangerous condition] that injured her." Id. at 218; Stokes, 191 So.2d at 416-17; [ECF No. 33] at 7-9. As such, there

exists a genuine issue of material fact as to whether the dangerous condition did occur, which pretermits summary judgment of Plaintiff's claim.

IV. Conclusion

For the foregoing reasons, the Defendant's Motion [ECF No. 43] shall be DENIED.

ACCORDINGLY,

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment [ECF No. 30] is DENIED.

SO ORDERED, this 11th day of January, 2023.

/s/ David Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE